HARRIS, C.M., Senior Judge.
Kwmane Winter rode past a parked, unmarked police vehicle on his bicycle and upon hearing “excuse me, sir, can I talk to you?” jumped off his bicycle and took off running. After a chase, Winter was caught and charged with armed resisting an officer with violence, possession of a weapon by a convicted felon, carrying a concealed firearm, and battery on a law enforcement officer. He moved to suppress the evidence, alleging that he was stopped without a reasonable suspicion and the search was conducted without probable cause. The court granted the motion and the State appeals.
There was a disagreement as to whether Winter knew that his pursuers were police officers but that issue is rendered moot by the court’s finding that the chase was not shown to have been in a high-crime area. The trial judge found, and the State agreed, that Illinois v. Wardlow, 528 U.S. 119, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000), justifies such a stop only when the fleeing occurs in a high-crime area. See also C.E.L. v. State, 24 So.3d 1181 (Fla.2009). The issue before us is whether the trial court erred in finding that the State failed to prove that the area in which this flight occurred was a high-crime area.
The testimony in this regard was that the area was a high-crime area “based on the multiple, multiple calls for service for crime and violent crime in that area” and *730 that the officers were in the area at the time of the incident because of the “recent spike in the report of violent crimes in that area.” There were no specifics given as to the number or types of crimes or where, within this quite large area designated as a high-crime area, the crimes occurred. While “empirical studies or statistical data” may not be required. See D.R. v. State, 941 So.2d 536 (Fla. 2d DCA 2006), vague testimony such as “there being multiple narcotic complaints that go on out there” would not establish a high-crime area. The testimony failed to convince the trial judge that the stop was justified and the record does not justify substituting our own fact-finding for that of the trial court.
AFFIRMED.
GRIFFIN and PALMER, JJ., concur.